UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-10408-RGS

JOEL JEANNITE

v.

COYNE 5194
LOUIS 135 087

ORDER

March 30, 2023

STEARNS, D.J.

This action is DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  On March 15, 2023, the court granted *pro se* plaintiff Joel Jeannite permission to proceed *in forma pauperis* but ordered him to file an amended complaint that complied with the basic pleading requirements of the Federal Rules of Civil Procedure, specifying the essentials of Rule 8 and Rule 12.  *See* March 15, 2023 Order, Dkt. #4.  On March 28, 2023, Jeannite filed a document entitled Affidavit of Fact, which the court will construe as an amended complaint.  Dkt. #6.

As previously specified, under the federal procedural rules a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "'give[s each] defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To the extent that the court can decipher a cause of action and supporting facts, Jeannite's pleading fails to plausibly state a claim against the defendants. Jeannite's affidavit mostly references criminal statutes and inapplicable constitutional rights. To similar effect, Jeannite's claim under 31 U.S.C. § 3709 refers to a non-existent section of the False Claims Act. This case appears to be based (in large part) on Jeannite's interpretation of his liberty interest in an "unalienable right to travel." Dkt #6 at 2. Jeannite claims that this constitutional right was violated when the defendant officers stopped his vehicle, asked him for his registration, arrested him, and towed his "conveyance." Dkt #6

Jeannite's legal argument is not actionable as pled. "For approximately 100 years, the Supreme Court has recognized that states may require those operating motor vehicles on public ways to obtain licenses and to register their vehicles." *Lu v. Spencer*, 15-30162-MGM, 2016 WL 740407, at *3 (D. Mass. Feb. 24, 2016), aff'd sub nom. 2017 WL 4574438 (1st Cir. Mar. 7, 2017) (citing *Hendrick v. Maryland*, 235 U.S. 610 (1915)). Moreover, Jeannite's statutory citations, 18 U.S.C. § 242, 18 U.S.C. §1512 (c)(2); 18 U.S.C. §1621, lack any private right of action. *See Manning v. Whole Foods*

2

*Mkt. Group, Inc.*, 21-CV-10833-ADB, 2022 WL 194999, at *5 (D. Mass. Jan. 21, 2022); *Trivedi v. Gen. Electric Co.*, CV 19-11862-PBS, 2020 WL 9744753, at *11 (D. Mass. Aug. 11, 2020), *report and recommendation adopted*, 19-11862-PBS, 2021 WL 2229088 (D. Mass. May 27, 2021), aff'd, 21-1434, 2022 WL 1769136 (1st Cir. May 3, 2022). There are no facts here supporting a claim that the officers unconstitutionally deprived Jeannite of his "right to travel."

On the few facts alleged and unsupported legal references, Jeannite's "amended complaint" fails to plausibly plead a claim upon which relief can be granted. As Jeannite has failed to comply with the court's March 15, 2023 Order, the Clerk will enter an Order of DISMISSAL and close this case.

                              SO ORDERED.

                              /s/ Richard G. Stearns_____
                              UNITED STATES DISTRICT JUDGE